THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM BOGER, Appellant, *v.* NELLIE L. COON, the Acting Superintendent of the Albion State Training School at Albion, N. Y., Respondent.

Fourth Department, October 1, 1930.

*Saul Kauffman,* for the appellant.

*Hamilton Ward,* Attorney-General [*Almon W. Burrell* of counsel], for the respondent.

PER CURIAM. The irregularities in this case, such as they were, seem to have been occasioned by the use and the misuse of forms furnished by the Albion State Training School where defendant in the criminal action is confined. If these correctional institutions are to furnish forms for the use of the courts, care should be taken to make them conform to the requirements of the statute as amended from time to time. And the courts should exercise care in the use of such forms. To illustrate, where the form for the certificate of conviction is printed as follows: " having thereupon been duly tried and upon such trial (or upon *such* plea of guilty) duly convicted," etc., the court in using such form should delete either the reference to the

trial or else the reference to the plea of guilty, as both are not applicable. It would be well, too, if the form of the certificate of conviction, to be used in a case like the instant case, were to be made to conform more exactly to the requirements of section 891 of the Code of Criminal Procedure. Practicing law by forms may be an aid to our minor courts, provided care is taken in both the preparation and the use of the forms.

The order in this case is affirmed on the theory that no substantial right of defendant in the criminal action was invaded by the minor irregularities appearing in the record.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order affirmed.